UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IIILARIO CARPIO, Petititoner )<br>)<br>v.                                             )       Civil No. 04-10183-JLT<br>)<br>UNITED STATES OF AMERICA, )<br>          Respondent              ) | |

### GOVERNMENT'S RESPONSE TO 2255 PETITION

Petitioner, Hilario Carpio, was previously indicted and charged with conspiring to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846. The indictment alleged that Carpio conspired with Marco Delapaz from at least May until November of 2000.

Carpio pled guilty to this charge on June 19, 2002. Pursuant to a plea agreement with the government, the parties agreed that the amount of powder cocaine attributable to Carpio was 2-3.5 kilograms, resulting in a base offense level 28. The parties further agreed that "no adjustment is appropriate based on the Defendant's role in the offense." Finally, the agreement contained a cooperation provision which included the following term: "The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review." Plea Agreement, a copy of which is attached to this response.

The Presentence Report (PSR) agreed with the parties that the base offense level was 28 and that no role adjustment was

appropriate. After a reduction for acceptance of responsibility, the PSR determined the total offense level was 25. The PSR further determined that the defendant was a Criminal History Category (CHC) II, based on two prior convictions, one for drug trafficking and one for operating a motor vehicle after a suspended license. PSR ¶ 42, 43. Accordingly, Carpio was ineligible for the safety valve. U.S.S.G. § 5C1.2(a)(1)(defendant must have no more than one criminal history point to be eligible). The applicable guideline range was 63-78 months.

Prior to sentencing the government and counsel had a number of conversations concerning the lack of progress in the defendant's attempt to provide the government with substantial assistance. As a consequence, the sentencing was continued a number of times at the defendant's request. However, the defendant never provided the government with assistance that led to the prosecution of another person or otherwise qualified as substantial.[1] The government accordingly did not file a substantial assistance motion on the defendant's behalf.

On April 1, 2003 the Court imposed a sentence of 63 months' imprisonment, the bottom of the undisputed guideline range. He did not appeal.

---

[1] Carpio acknowledges that he was unwilling to engage in a "buy/bust" operation out of concern for his safety. Thus, he provided the government with "intelligence information" that did not endanger him to the same degree. These conditions served to limit the utility of his cooperation. Petition at p. 8.

2

In the instant petition, Carpio admits that he and Luis Meletiche supplied cocaine to the Delapaz organization, which then turned the cocaine into crack. He raises three claims. First, Carpio contends that he should have been accorded a two level decrease as a minor participant because he only delivered drugs to the Delapaz organization and assisted Meletiche. He complains that his counsel was ineffective at sentencing for failing to raise this issue.

Second, Carpio contends that he should have received a substantial assistance motion from the government because he provided information on six different occasions during which he "informed on his other co-conspirators, provided intelligence information on other drug trafficking organizations, and was shown photographs of other drug trafficking suspects which he identified to investigators." The defendant alleges that the government acted in bad faith in not making a motion for substantial assistance on his behalf.

Finally, Carpio contends that he was eligible for the safety valve because he provided information and was a minor, non-violent, first time offender.

Carpio's claims can be disposed of expeditiously without a hearing.

As a purely legal matter, the claims raised by Petitioner are not cognizable pursuant to Section 2255. Knight v. United

States, 37 F.3d 769, 772 (1st Cir. 1994). A non-constitutional claim, such as a claim that the sentencing guidelines were improperly applied, that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances. Id. Such claims are said to be cognizable only where the alleged error presents "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). Carpio alleges no exceptional circumstances that would take this case out of the constraints imposed by Knight.

If the claim is repackaged as one of ineffective assistance of counsel, it can become a constitutional claim. However, not every error amounts to ineffectiveness. See Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). An ineffective assistance of counsel claim will succeed only if the defendant--who bears the burden on both points, Scarpa v. DuBois, 38 F.3d 1, 8-9 (1st Cir. 1994)--shows (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error or errors, the outcome would likely have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Carpio claims that his counsel was ineffective only in failing to raise the minor role issue at sentencing. However, as

4

the record demonstrates, Carpio agreed in his plea agreement that he was not entitled to a minor role reduction.  Having entered into an agreement that he was not a minor participant, counsel can hardly be faulted for failing to argue that Carpio was nevertheless entitled to a reduction.  In any event, the undisputed facts set forth in the PSR demonstrate that Meletiche delivered cocaine for Carpio and that Carpio made the decisions concerning the price and method of payment. PSR ¶ 18-25.  Thus, he was not entitled to a role reduction.

Carpio's claim that the government acted in bad faith in failing to file a substantial assistance motion fairs no better. Arguably, such a claim is not cognizable, either in the district court as a threshold matter, and more certainly in the context of a § 2255 motion. United States v. Doe, 170 F.3d 223 (1st Cir. 1999)(affirming sentencing court's refusal to determine whether government's decision not to file substantial assistance motion was in bad faith, where even if defendant's allegations were true no bad faith shown); cf Wade v. United States, 504 U.S. 181, 185-86 (1992)(where no plea agreement, prosecutor's decision not to file substantial assistance motion cannot be reviewed absent specific claim that decision was based on an unconstitutional motive, such as race or religion).  In any event, there is no specific factual allegation that would support a showing of bad faith.  At best, defendant claims that he and the government view

differently the significance of his attempt to cooperate. In his petition, Carpio claims only that he provided information; he does not make any specific factual claim concerning the value of that information in a prosecution or investigation. He does not claim, for example, that the information he provided about his co-conspirators was unique or special. He does not claim to have testified either at trial or before a grand jury nor to have provided proactive cooperation or information that led to additional charges against any suspects. In short, there is no claim that provides a proper basis for a claim of bad faith; the government's decision not to file a substantial assistance motion in the absence of such assistance is not unreasonable. *See generally* United States v. Doe, 170 F.3d 223 (1st Cir. 1999).

Additionally, the defendant failed to raise this claim at sentencing and he did not appeal. Thus, he has forfeited any right to raise it now. United States v. Frady, 456 U.S. 152 (1982). Moreover, the timing of his claim, combined with the failure to provide fact specific allegations, fatally undermines his credibility.

Carpio requests an evidentiary hearing on this claim. A prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Even if a hearing is requested, a district court properly may forgo it when (1) the

motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Id. at 225-26; see also Rule 4(b), Rules Governing Section 2255 Proceedings. Vague, conclusory, or palpably incredible allegations can be denied without a hearing even if the record does not conclusively and expressly belie the claim. Machibroda v. United States, 368 U.S. 487, 495 (1962). Here, the defendant's claim, at best, is that he and the government disagree about the value of the information he provided. The plea agreement expressly provided that the "determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review." There is nothing in the conclusory allegations of Carpio which suggest anything other than that the U.S. Attorney properly exercised his discretion, albeit in a manner that continues to disappoint Carpio. That is simply not sufficient to make out a claim of bad faith. United States v. Doe, 170 F.3d 223 (1st Cir. 1999).

Finally, the claim that Carpio was entitled the safety valve is directly contradicted by the record. According to the PSR, Carpio was a CHC II and therefore ineligible for the safety valve. U.S.S.G. § 5C1.2(a)(1).

For all the reasons set forth above, the petition should be denied without a hearing.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

By:   _____
       Theodore B. Heinrich
       Assistant U.S. Attorney
       U. S. Attorney's Office
       John Joseph Moakley
       United States Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210
       617.748.3245

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the Petitioner via U.S. mail, postage prepaid, at the following address:

Hilario Carpio
Reg. No. 21484-069
F.S.L. Elkton
P.O. Box 10
Lisbon, Ohio 44432

This 6th day of April, 2004.

_____
THEODORE B. HEINRICH
ASSISTANT UNITED STATES ATTORNEY