UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HILARIO CARPIO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-10183-JLT |
| THE UNITED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION ON MOTION
TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

May 19, 2006

DEIN, U.S.M.J.

**I.  INTRODUCTION**

The petitioner Hilario Carpio ("Carpio" or the "petitioner") pleaded guilty on June 19, 2002, pursuant to a written agreement, to conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced on April 1, 2003 to 63 months of incarceration, the low end of the guidelines for his offense level of 25. This matter is presently before the court on Carpio's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"). Therein, Carpio contends (1) that he is entitled to a two level decrease as a minor participant in the drug conspiracy involving 22 other co-conspirators, and that his counsel was ineffective for failing to raise this issue at sentencing; (2) that the government acted in bad faith in failing to file a substantial assistance motion; and (3) that he was entitled to an additional two point downward

departure as he qualified for a safety valve because he provided information and was a minor, non-violent, first time offender. Carpio further contends that he is entitled to an evidentiary hearing on the issues raised by this petition.

For the reasons detailed herein, this court finds that the petitioner is not entitled to an evidentiary hearing and recommends to the District Judge to whom this case is assigned that Carpio's Motion be DENIED.

## II.  STATEMENT OF FACTS[1]

### The Underlying Offense

As described by the petitioner in his memorandum, Carpio "was implicated in a government investigation that had court authorized intercept communications of three (3) different cellular telephones being utilized to distribute crack cocaine by the Marco Delapaz Organization in an[d] around Lawrence, Massachusetts."  (Pet. Mem. at 1). Specifically, according to Carpio, he, along with co-defendant Luis Meletiche, delivered cocaine to the Marco Delapaz crack cocaine organization, and, on occasion, he participated in the negotiation of payment terms.  (Id. at 2).  The investigation showed that there was a pre-existing relationship between Carpio and the Delapaz organization, and that at least 2,000 grams but not more than 3,500 grams of cocaine hydrochloride were attributable to him.  (Id.; Plea at ¶ 3a).

---

[1]  Unless otherwise indicated, the facts are derived from Carpio's Memorandum on Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) ("Pet. Mem."), the Government's Response to 2255 Petition (Docket No. 4) ("Resp."), the Plea Agreement attached to the Government's Response ("Plea"), and the Presentence Report ("PSR").

## The PSR and Plea Agreement

Carpio was represented by counsel at all relevant times, including through sentencing, although he is now proceeding pro se.  As detailed in the written plea agreement, the parties agreed to a base offense level of 28 pursuant to § 2D1.1 of the Sentencing Guidelines due to the amount of cocaine attributable to Carpio.  (Plea ¶ 3a).  In light of the petitioner's acceptance of responsibility, the government agreed to recommend a three level reduction under U.S.S.G. § 3E1.1, bringing the base level down to 25.  (Id. ¶ 3b).  The parties expressly agreed "that no adjustment is appropriate based on [Carpio's] role in the offense."  (Id. ¶ 3c).  The government agreed "to recommend a sentence of imprisonment at the low end of the sentencing guideline range determined by the Court at time of sentencing."  (Id. ¶ 4).

Under the plea agreement, Carpio had a duty to cooperate with the government.  Specifically, the agreement provides:

> Defendant agrees to cooperate fully with law enforcement agents and government attorneys.  He must provide complete and truthful information to all law enforcement personnel.  If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial.  Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information.  He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity.  Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

(Plea ¶ 6a).

The plea agreement further provides for the possibility of a substantial assistance motion. As the agreement states:

> In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1., so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines. *The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review.*

(Id. ¶ 6b (emphasis added)). The agreement also provides that the government may decline to file a substantial assistance motion if, among other reasons, Carpio failed to comply with his "requirement of honesty and candor" detailed in ¶ 6a and quoted above. (Id.).

As detailed in the PSR, Carpio had two prior convictions, one for possession with intent to distribute cocaine, and one for operating a motor vehicle after a suspended license. (PSR ¶¶ 42, 43). He was therefore classified as a Criminal History Category ("CHC") II. (PSR ¶ 45). The Probation Office, in the PSR, agreed with the parties that the base offense level was 28, that no role adjustment was appropriate, and that there should be a reduction for acceptance of responsibility, all of which brought the offense level to 25. (PSR ¶¶ 33-40). The applicable guideline range was therefore 63-78 months. (PSR ¶ 91). Neither the government nor the defendant submitted any objections to the PSR. (PSR at Addendum). At sentencing, the government did recommend the low end of the guidelines, and the defendant was sentenced to 63 months in custody. (See Docket

-4-

No. 523 in Criminal No. 00-10402).  The government did not file a substantial assistance motion.

### Carpio's Allegations Regarding Cooperation

According to Carpio, he agreed to cooperate with the government shortly after his arrest, and he had approximately six proffer sessions with the prosecutor and investigating agents.  (Pet. Mem. at 5).  It is his contention that "[d]uring these sessions, the Petitioner informed on his other co-conspirators, provided intelligence information on other drug trafficking organizations, and was shown photographs of other drug trafficking suspects which he identified to investigators.  In fear of his life and at great personal risk to his safety and family, the Petitioner did provide the government with substantial assistance."  (Id.).  Although he refused to engage in "buy bust" transactions with known drug traffickers as they were too dangerous, he did continue "to provide the government with intelligence information where upon the government initiated other narcotics investigations that were based on this information."  (Id. at 8).  Moreover, Carpio argues that he complied with "terms of cooperation" in that he answered all questions put to him truthfully, did not attempt to protect any person through false information, "he clearly implicated his co-conspirators in the Delapaz Narcotics Organizations and he identified other drug traffickers to investigating agents and prosecutors."  (Id. at 7).

According to the government, since Carpio was unwilling to engage in a "buy/bust" operation, and limited the information he was willing to provide to infor-

mation "that did not endanger him to the same degree," the "utility of his cooperation" was limited. (Resp. at 2, n.1). The government describes the situation as follows:

> Prior to sentencing the government and counsel had a number of conversations concerning the lack of progress in the defendant's attempt to provide the government with substantial assistance. As a consequence, the sentencing was continued a number of times at the defendant's request. However, the defendant never provided the government with assistance that led to the prosecution of another person or otherwise qualified as substantial. The government accordingly did not file a substantial assistance motion on the defendant's behalf.

(Resp. at 2). While Carpio does characterize his cooperation as "substantial," he has not challenged these factual assertions made by the government. Nor does he supply any details of his cooperation. Carpio did not appeal his sentence. Rather, he filed the instant Motion on January 26, 2004.

Additional facts will be provided below where appropriate.

## III.  ARGUMENT

### A.  Claims That Are Reviewable Under § 2255

"Habeas Corpus relief under 28 U.S.C. § 2255 is available to vacate a sentence where (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction; (3) the sentence exceeded the maximum permitted by law; or (4) the sentence is otherwise subject to collateral attack." Ryan v. United States, 97 F. Supp. 2d 190, 192 (D. Mass. 2000). In the instant case, there is no claim of constitutional error or lack of jurisdiction, and "the Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not

allege constitutional or jurisdictional errors.  Such claims are properly brought under § 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'  The error must 'present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'  Errors warranting a reversal on direct appeal will not necessarily support a collateral attack." Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417 (1962)) (additional citations omitted).

It is well established that a petition under § 2255 is not a substitute for an appeal. Thus, "[a] non-constitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances." Id.  Consequently, "ordinary errors" in applying the sentencing guidelines that could and should have been raised on direct appeal, will not be reviewed under § 2255.  Id. at 773 (claim that district court made an erroneous finding of fact which led to the misapplica- tion of the sentencing guidelines, and that district court abused its discretion under the guidelines do not state claims under § 2255).

With the exception of his constitutional claim of ineffective assistance of counsel, Carpio has not stated a claim which is cognizable under § 2255.  He has asserted that the court made incorrect factual findings in failing to give him a two level decrease as a minor participant in the drug conspiracy, and in failing to find that he qualified for a

safety valve.  He further contends that the government breached its agreement by failing to file a substantial assistance motion.  These alleged errors were apparent as of the time of sentencing, and could have been raised in a direct appeal.  They are not the appropriate subject of a § 2255 petition.  See Ryan, 97 F. Supp. 2d at 193 (claimed error in calculating criminal history under sentencing guidelines did not constitute a complete miscarriage of justice and could not be reviewed under § 2255).  Therefore, this court recommends that the petition be denied insofar as it purports to raise non-jurisdictional and non-constitutional claims.

**B.    Ineffective Assistance of Counsel**

Carpio contends that his counsel was ineffective in failing to raise the issue of an adjustment for his minor role in the conspiracy at sentencing.  (See Pet. Mem. at 4-5).  To succeed on an ineffective assistance of counsel claim, "a petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice, or, phrased another way, that the quality of legal representation at his trial was so inferior as to be objectively unreasonable, and that this incompetent lawyering redounded to his substantial detriment."  United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (citing Strickland v. Washington, 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984)).  "A petitioner bears a very heavy burden on an ineffective assistance claim" and there is "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance[.]"  Lema v. United States, 987 F.2d 48, 51 (1st Cir.

1993) (internal citation omitted).  In the instant case, Carpio has failed to establish that

his counsel's conduct was constitutionally deficient.

"A defendant who claims minor participation must establish by a preponderance of

the evidence that he or she is entitled to a reduction due to his or her reduced level of

culpability" and a "court's finding as to a defendant's role in a criminal activity is a

factual determination that will not be overturned unless 'clearly erroneous.'"  United

States v. Soto, 959 F.2d 1181, 1187 (2d Cir. 1992) (cited by Carpio).  Factors which may

be considered include "the nature of the defendant's relationship to other participants, the

importance of the defendant's actions to the success of the venture, and the defendant's

awareness of the nature and scope of the criminal enterprise."  United States v. Sanchez,

925 F. Supp. 1004, 1011 (S.D.N.Y. 1996) (internal citation omitted).  In the instant case,

Carpio acknowledges there was evidence that he had a pre-existing relationship with the

Delapaz organization, and that he delivered cocaine and made decisions concerning the

price and method of payment.  (Pet. Mem. at 1-2).  According to the PSR, there was

substantial evidence, including wiretap evidence, that Carpio was a frequent source of

supply of powder cocaine for Delapaz, and that Meletiche delivered cocaine and picked

up payments on behalf of Carpio.  (PSR ¶¶ 18-25).  Thus, the evidence is contrary to

Carpio's assertion that he was a very minor player.

Moreover, Carpio signed an agreement which expressly stated that he was not

entitled to a minor role reduction.  (PSR ¶ 3c).  The Probation Department also

determined that he did not qualify for such a reduction.  (PSR ¶ 35).  Under such

circumstances, it was not ineffective assistance of counsel not to seek a minor role reduction at sentencing.  See United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990) (defendant courier was not "substantially less culpable than the average participant" where he was entrusted with the delivery of substantial amounts of cocaine; refusal to grant minor role reduction affirmed).

Nor is there any need for an evidentiary hearing on this issue.  Evidentiary hearings "are the exception, not the rule" and "a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment.  McGill, 11 F.3d at 225.  In the instant case, there are no disputed facts which need to be resolved in connection with Carpio's ineffective assistance of counsel claim; rather, this court has accepted Carpio's description of the relevant events as true.  Nevertheless, Carpio has failed to establish his claim.  See id. at 227 ("To avoid the shoals of ineffective assistance, an attorney's judgment need not necessarily be right, so long as it is reasonable.").  Where, as here, a petition "is inadequate on its face" and fails to state a claim despite the assumption that the facts as alleged by the petitioner are true, summary disposition is appropriate.  Lema, 987 F.2d at 51-52, and authorities cited.

Therefore, this court recommends that the petition be denied insofar as it is based on a claim of ineffective assistance of counsel.

**C.**    <u>**Merits of Carpio's Claims**</u>

If the court were to reach the merits of Carpio's claims, this court would still recommend that his Motion be denied.  As detailed herein, this court finds Carpio's objections to his sentence to be without merit.

**1.**    <u>**Minor Participant Reduction**</u>

As detailed above, Carpio's claim that he was entitled to a two level decrease as a minor participant is not supported by the record.  As the court held in <u>U.S. v. Garcia</u>, a case on which Carpio relies:

> Whether a defendant may be accorded the benefit of a "minor" or "minimal" role adjustment under § 3B1.2 does not turn solely upon his status or his assigned task in the criminal enterprise.  Such a cramped view of "role" is inconsistent with the prescription in the Guidelines that this determination is to be made not with regard to status in the abstract but rather with regard to the defendant's culpability in the context of the facts of the case.  <u>See</u> § 3B1.2 Background Commentary, stating that the range of adjustments in § 3B1.2 are "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant" and that the determination "is heavily dependent upon the facts of the particular case."

920 F.2d at 155.  See also United States v. Valdes-Bretones, 68 F.3d 455 (table), 1995

WL 605539, at *2 (1ˢᵗ Cir. 1995) (unpub. op.) (where record did not support claim that

defendant was "a typical courier with little knowledge and understanding of the nature

and scope of the criminal activity," refusal to grant minor participant departure upheld).

In the instant case, the evidence shows that Carpio was actively involved in the transac-

tions at issue, and had a pre-existing relationship with the drug trafficking organization.

Carpio has failed to meet his burden of establishing that a downward departure was

mandated.  Moreover, no evidentiary hearing is warranted, for the reasons detailed above.

### 2.    The Failure to File a Substantial Assistance Motion

Carpio also contends that the government acted in bad faith by failing to file a

substantial assistance motion.  Assuming, arguendo, that this claim is cognizable in a

§ 2255 petition, this court finds that Carpio has failed to state a claim.

Absent a plea agreement, "federal district courts have authority to review a

prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they

find that the refusal was based on an unconstitutional motive" such as the defendant's

race or religion.  Wade v. United States, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 1843-44,

118 L. Ed. 2d 524 (1992).  However, before a defendant has a right to discovery or an

evidentiary hearing on the issue, he must first make a "substantial threshold showing" that

the government refused to file a motion for suspect reasons — a claim that the defendant

did, in fact, provide substantial assistance, or generalized allegations of improper motive

are insufficient.  Id. at 186, 112 S. Ct. at 1844.  In the instant case, Carpio "has never

alleged, much less claimed to have evidence tending to show, that the Government refused to file a motion for suspect reasons such as his race or religion." Id. Consequently, Carpio is not entitled to any relief except to the extent provided in his plea agreement.

Carpio's plea agreement does not compel a different result. The agreement expressly provides that the decision to file a substantial assistance motion "rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review." (Plea ¶ 6b). Faced with such language, the First Circuit has been willing to assume, without deciding, that "bad faith" on the part of the government may warrant review of its decision not to file a motion. See United States v. Doe, 170 F.3d 223, 225 (1st Cir. 1999). Nevertheless, where, as here, the petitioner's allegations amount to nothing more than the government acted carelessly or unreasonably, the court will not review the government's refusal to file the motion. Id. at 225-226. Carpio has not asserted any facts in support of his conclusion that the government acted in bad faith. Rather, he argues simply that the government was wrong in assessing the value of his cooperation. This is insufficient to warrant review of the government's decision.

Finally, this court notes that Carpio has not alleged facts which would warrant a substantial assistance motion under the terms of his agreement. Carpio contends that he fully complied with his cooperation requirements under the agreement in that he answered questions completely and truthfully, did not withhold any information, did not attempt to protect others by providing false information, and the like. (See Plea at ¶ 6a; Pet. Mem. at 7). Under the agreement, the government could decline to file a substantial

assistance motion if Carpio violated these requirements of honesty and candor.  (Plea at

¶ 6b).  However, that is not the only reason the government may decline to file a motion.

See United States v. Alegria, 192 F.3d 179, 183-84 (1st Cir. 1999) ("full, complete and

truthful cooperation, in and of itself, is not coextensive with the substantial assistance of

which the sentencing guidelines speak").  Rather, under the agreement, a substantial

assistance motion would be filed only if Carpio provided "substantial assistance in the

investigation or prosecution of another person who has committed a criminal offense."

(Plea at ¶ 6b).  Carpio has not submitted any facts establishing that he provided such

assistance.

     As the government accurately describes the record:

> In his petition, Carpio claims only that he provided information; he
> does not make any specific factual claim concerning the value of that
> information in a prosecution or investigation.  He does not claim, for
> example, that the information he provided about his co-conspirators
> was unique or special.  He does not claim to have testified either at
> trial or before a grand jury nor to have provided proactive
> cooperation or information that led to additional charges against any
> suspects.

(Resp. at 6; see Pet. Mem. at 5).  In short, taking Carpio's allegations as true, he has not

established that he was entitled to a substantial assistance motion.

Finally, as detailed more fully above, Carpio is not entitled to an evidentiary hearing on this issue.  He has not raised any facts which would support a finding of bad faith on the part of the government.  Accepting his allegations as true, there is no basis for review of the government's decision, nor is there any evidence that the government's decision not to file was inconsistent with the terms of the plea agreement.  Under such circumstances, no hearing is required.  See Alegria, 192 F.3d at 188-89 (where "government proffered facially adequate reasons for its conclusion that the appellant had failed to achieve the substantial assistance benchmark" and defendant/appellant failed to provide details showing scope of information provided or its significance, no evidentiary hearing needed).

### 3.    Safety Valve

Finally, Carpio contends that he was entitled to a two (2) point safety valve downward departure.  However, Carpio had two prior convictions.  Consequently, he was ineligible for the safety valve departure.  U.S.S.G. § 5C1.2(a)(1) (to be eligible, defendant must have no more than one criminal history point).

## IV.  **CONCLUSION**

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Carpio's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Docket # 1) be DENIED. [2]

            / s / Judith Gail Dein
            Judith Gail Dein
            United States Magistrate Judge

---

[2]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).